## No. 152.

### Heirs of Thomas Hale *v.* Board of Assessors for the Parish of Orleans.

The assessment of real estate fixed by the Board of Assessors will not be disturbed by the courts merely because two or three witnesses for the owner appraise the property at vaiying figures, all lower than that at which the property is assessed.

Act 96 (Ex. S.) 1877 and Act 9 (Ex. S.) 1878 provides that where an owner is aggrieved by an assessment, he may appoint an appraiser, the Board of Assessors appoints an appraiser, and in case of difference, the two appoint an umpire, thus relieving the courts by providing for arbitration in such cases.

*A. L. Tucker,* attorney.

*C. Buck, W. Rogers,* attorneys.

His Honor Judge W. H. Rogers delivered the opinion and decree of the court in the words and figures following, to wit;

The plaintiffs complained of an assessment of real estate of which they are owners and seek relief on the ground that the law requires an assessment of property only to the extent of its actual cash value.

The aggregate sum fixed by the board of assessors is about $80,500.00—the real estate is comprised of several properties situated in different parts of the city.

The plaintiff's agent made return as required, but the assessors deemed it incorrect and proceeded to affix what to them seemed a proper valuation—and refused a deduction when so requested.

The testimony offered by plaintiff consists of estimates made by three parties who testify they are acquainted with the value of property and with the value of the particular

pieces owned by plaintiff and while no two agree on the value of each particular property, their highest aggregate is $62,-050.00. The testimony of the assessor shows that a more than usual care was observed in fixing the value given by the board, and that the reasons given for the conclusions adopted seems to us sound. We acknowledge the force of the argument which urges upon us a careful review of an official act in regard to the assessment of property and are perfectly willing to interpose the protection of the law in behalf of citizens who have been injured, but some rule of conduct must be observed which can be of general application in order that a sound basis in such matters can be fixed upon courts and bound to give effect to the official acts of sworn officers and when no ill will, motive or incompetency is shown will not lightly set aside their acts. The opinions of individuals always differ and perhaps in no affair of human concern is this more evident than in fixing the value of real estate. Men are actuated, through honesty, by very different motives, and their interest leads them naturally into various conclusions. To avoid this the law has provided that when a party has been aggrieved by an assessment he shall proceed to have the same regulated by an arbitration—the owner appoints his appraiser, and the board of assessors theirs—and in case of difference the two appoint an umpire, Act No. 96, extra session 1877, Act. No. 9, extra session 1878. Thus by the very mandate of the law a means is secured which relieves the courts and the parties of all the doubtful questions that could arise as the result of conflicting opinions. It is true that no issue is raised on this point—but we believe that it is our duty to note this provision of law and to announce our determination to adhere to it strictly— to adopt any other course would be to render the very important and more precarious questions regarding the assessment of real estate uncertain and irregular.

In the present case to reverse the judgment appealed from, we must resort to conjecture, for we are sure we cannot adopt the view of any particular witness—none agree—; there is no question of oppression on the part of the officials and so his

valuation is above all the others, it does not follow we should disregard his opinion, fortified as it is by facts and reasoning added to the obligations of his official character, all of which has the sanction of the district judge. Judgment affirmed.